In the Matter of the Claim of ANNA M. GILEWSKI, on Behalf of Herself and Minor Children, Respondent, v. MASTIC BEACH FIRE DISTRICT No. 1 et al., Appellants, and MASTIC FIRE DISTRICT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 18, 1963.

*Louis Busell* and *Joseph M. Soviero* for appellants.

*Louis J. Lefkowitz, Attorney-General,* for the Workmen's Compensation Board, respondent.

*Anne G. Kafka* and *Charles J. Jones* for Mastic Fire District and another, respondents.

*Anna M. Gilewski,* claimant in person.

HERLIHY, J. This is an appeal from a decision of the Workmen's Compensation Board which determined that the death of the decedent was not caused while responding to a call for assistance by an adjacent fire district within the meaning of subdivision 6 of section 30 of the Volunteer Firemen's Benefit Law.

The facts are not contradicted. On October 15, 1961 the decedent, a volunteer fireman for the Mastic Beach Fire District, collapsed while running to the firehouse in response to the fire alarm and died the following day. On the date of the accident a brush fire occurred about half a block inside the territory serviced by the respondent Mastic Fire District. A resident in the area sent an alarm to the Mastic Beach Fire District which responded, together with Mastic Fire District. The Fire Commissioner for the Mastic Beach District testified that there was a mutual agreement between Mastic Fire District and Mastic Beach Fire District that both districts respond to an alarm from a border area. The agreement was not received in evidence nor made part of the record. When the Mastic Beach Fire District arrived at the scene, its offer of assistance was refused by the Chief of the Mastic Fire Department. The board found that the offer of assistance by the Mastic Beach Fire District in fighting the fire was refused and that there was no call for assistance within the meaning of the section.

On this appeal, the State Insurance Fund, carrier for the Mastic Beach Fire District, contends that the injury occurred while the decedent's fire company was responding to a call for assistance and that under the provisions of subdivision 6 of section 30 the aided district is liable.

The dispute is one of liability between the respective insurance carriers.

Subdivision 6 of section 30 in part provides that a benefit for injury or death resulting from services performed when assistance is being rendered to an aided municipality " pursuant to a call to furnish assistance to any such municipal corporation, district or area in cases of fire or other emergencies, or for other authorized purposes, or while going to or returning from the place where the assistance is to be or was rendered " shall be a charge against such aided municipal corporation, district or area. The statute further provides that " a call to furnish assistance may be made by any person aware of the peril involved and the need for assistance or pursuant to any legally authorized or recognized plan for the furnishing of mutual aid in cases of fire or other emergency. The call need not originate in the municipal corporation, district or area ultimately liable for benefits under this section and may be relayed through one or more persons or mediums of communication."

We are of the opinion that the decision of the board should be reversed and that the liability should be assessed against the Mastic Fire District and its carrier Fidelity & Casualty Company. The refusal of the offer of assistance, under the circum-

stances herein, is not the test but did the adjacent fire district properly respond as the result of a call by a person aware of the peril? The facts as presented in this particular case determine that the decedent at the time of his injury was responding to a call from his own fire company, which call had been properly received and made by a person aware of the peril involved and the need for assistance, which is what the section mandates.

A response to a legitimate call for assistance by an adjoining fire district to a fire or other emergency places the responsibility on the district wherein exists the emergency. To decide otherwise would create a chaotic and unnecessarily complicated situation as to liability. Whether assistance was needed could only be determined when the Mastic Fire Department arrived at the scene and while the Mastic Beach Fire Department was responding to the alarm. To sanction such a narrow interpretation and construction of the statute as respondents contend and the board found, under the present circumstances, is neither reasonable nor realistic.

The decision of the Workmen's Compensation Board should be reversed, and the matter remitted for a determination not inconsistent with this opinion.

BERGAN, P. J., COON, GIBSON and TAYLOR, JJ., concur.

Decision of the Workmen's Compensation Board reversed, and matter remitted for a determination not inconsistent with the opinion herein, with costs against the respondent carrier and employer.